Yvonne McCLENDON, Plaintiff–
Appellant,

v.

REGIONAL TRANSPORTATION
DISTRICT, Defendant–
Appellee.

No. 93CA1249.

Colorado Court of Appeals,
Div. V.

June 16, 1994.

Frank & Finger, P.C., Hal B. Warren, Evergreen, for plaintiff-appellant.

Marla L. Lien, Denver, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

Plaintiff, Yvonne McClendon, appeals from the trial court's order entering summary judgment and refusing to assess attorney fees against defendant, Regional Transportation District, under the Colorado Automobile Accident Reparations Act (No–Fault Act), § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A). We reverse and remand for further proceedings.

While a passenger on defendant's bus, plaintiff was injured in an auto accident in May 1989, and on or about April 30, 1990, defendant denied plaintiff's application for benefits. Plaintiff filed this action and obtained an order from the trial court requiring that the defendant submit to arbitration. Plaintiff prevailed in arbitration, and the rul-

ing included an award of the attorney fees she had incurred in that proceeding.

Plaintiff then moved in the trial court for an additional award of the attorney fees incurred during the period before the matter was referred to arbitration. The trial court denied the motion, and this appeal followed.

Plaintiff contends the trial court erred in ruling that she was limited under the No–Fault Act to recovering only the attorney fees incurred in the arbitration proceeding. We agree.

Section 10–4–708(1), C.R.S. (1987 Repl.Vol. 4A) of the No–Fault Act provides a cause of action to insureds who are denied prompt payment of personal injury claims by their carriers. If, as a result of the action, the insurer is required to pay benefits, the insurer also becomes liable for attorney fees.

The original version of the statute provided that a claim for unpaid benefits must be brought in the trial court, and it also authorized the trial court to award reasonable attorney fees to a prevailing plaintiff. *See* Colo.Sess.Laws 1973, ch. 94 at 338. However, in 1989, the General Assembly amended the statute by adding a subsection which provided that "[a]ny action for breach of contract brought pursuant to this subsection (1) shall proceed to binding arbitration." *See* Colo.Sess.Laws 1989, ch. 82, § 10–4–708(1.5) at 459; *cf.* § 10–4–708(1.3), C.R.S. (1993 Cum.Supp.) (parties "may agree" to binding arbitration).

In 1989, an amendment also modified the fee-shifting provision of the original statute as follows:

> In the event the insurer is required by such arbitration to pay any overdue benefits, the insurer shall, in addition to the benefits paid, be required to pay the reasonable attorney fees and compensation of the arbitrator or arbitrators and all other costs and fees of the arbitration incurred by the person entitled to such benefits....

Colo.Sess.Laws 1989, ch. 82, § 10–4–708(1.5)(d) at 459.

The 1989 amendments went into effect on July 1 of that year, and applied to "claims and *disputes* arising on or after said date...." (emphasis supplied) Colo.Sess. Laws 1989, ch. 82, § 6 at 461. The trial court ruled that the 1989 amendments applied and barred plaintiff's claim for attorney fees incurred before the matter was referred to arbitration.

Contrary to the trial court's conclusion in this regard, we consider plaintiff's motion for confirmation of the arbitration award and motion for attorney fees to be broad enough to constitute notice to the court that plaintiff was arguing that, although the "dispute" occurred when benefits were denied, nevertheless, the "claim" arose at an earlier time, prior to the effective date of the 1989 amendments.

We hold that the statement in plaintiff's Demand for Arbitration that the denial of benefits occurred "on or about April 30, 1990" is conclusive on the issue of when the "dispute" arose; however, it neither concedes nor addresses the issue of when the "claim" arose. We interpret the terms "claims" and "disputes" as connoting two different events. A claim arises, by way of illustration, when one is injured and incurs compensable bills that would be covered by the No–Fault statute; the dispute comes into being only when there is a denial or refusal to pay such bills. To refuse to give separate and distinct meanings to the words claims and disputes would be to imply that the General Assembly used the words idly and with no intent that meaning be given to each. *See McMillin v. State of Colorado*, 158 Colo. 183, 405 P.2d 672 (1965).

This case is before us following an entry of summary judgment. Thus, there is no evidence in the record that would allow us to determine if the claim arose prior to the effective date of the 1989 amendments. Consequently, we remand the cause to the trial court for the purpose of accepting evidence on this issue and for further proceedings consistent with this opinion.

The order is reversed and the cause is remanded for further proceedings consistent with the opinions expressed herein.

NEY and CASEBOLT, JJ., concur.